## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | ) | Case No. 3:19-md-2885-MCR-GRJ |
| EARPLUG PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | |
| | ) | Judge M. Casey Rodgers |
| | ) | |
| This Document Relates to: | ) | Magistrate Judge Gary R. Jones |
| | ) | |
| *James Ingles v. 3M Co., et al.* | ) | |
| Case No. 7:20-cv-52539 | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendants request that the Court enter summary judgment in their favor on all of Plaintiff's claims. In support of this motion, Defendants rely upon the pleadings and the following memorandum of law and exhibits. Critical issues pertaining to Plaintiff's claims are currently on appeal in the Eleventh Circuit. *See*, *e.g.*, *3M Company v. Estes, et al.*, No. 21-13131, 21-13133, 21-13135 (11th Cir.). Specifically, each of Plaintiff's claims is barred by the government contractor defense. Also at issue on appeal is the applicability of the combat-use exemption under the Noise Control Act to the CAEv2. Should these issues be resolved in Defendants' favor on appeal, then all of Plaintiff's claims would be subject to dismissal. Defendants expressly do not waive reliance

on this defense and statutory exemption and reserve the right to raise these issues in supplemental summary judgment briefing following resolution of the appeal.

## MEMORANDUM OF LAW

Plaintiff seeks compensatory and punitive damages against Defendants, alleging that defects in the Dual-Ended Combat Arms Earplug ("the CAEv2") caused him to experience hearing loss and tinnitus from noise exposure during his military service. His complaint asserts 14 substantive counts against Defendants. *See* ECF No. 4. All of these claims fail as a matter of Ohio law.[1]

## STATEMENT OF FACTS

1.      Plaintiff served in the Army from 1996 to 2015. Ex. 1, Ingles 2/28/22 Dep. 40:25–41:7.

2.      Plaintiff was deployed on a UN peacekeeping mission to Kosovo in 2004. Plaintiff did not use the CAEv2 in Kosovo. *Id*. 45:9–14, 58:20–59:3.

3.      Plaintiff's first audiogram showing his alleged hearing loss is dated February 20, 2007. Ex. 2, Levine 5/31/22 Dep. 80:16–23.

4.      Plaintiff claims he was first issued and used the CAEv2 in 2008 or 2009 during his training for his deployment to Iraq in 2009. Ex. 1, Ingles 2/28/22 Dep. 51:2–10, 51:19–52:7, 54:24–55:10, 58:16–59:3, 67:23–68:3.

---

[1]The parties have agreed that Ohio law applies to Plaintiff's claims.

5.   Plaintiff does not recall seeing an advertisement for the CAEv2 before or during his use of the product or receiving any written instructions about the CAEv2. *Id.* 59:23–60:1, 63:15–23.

6.   Plaintiff claims he first noticed his alleged hearing loss and tinnitus during his 2009 deployment to Iraq. *Id.* 19:23–20:5.

7.   Plaintiff sought medical attention for his alleged hearing loss and tinnitus in 2010. *Id.* 102:23–103:9.

8.   Plaintiff filed his complaint in 2019.[2] ECF No. 4.

## **ARGUMENT**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Salinero v. Johnson & Johnson*, 995 F.3d 959, 964 (11th Cir. 2021). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hubbard v. Bayer HealthCare Pharms. Inc.*, 983 F.3d 1223, 1232 (11th Cir. 2020) (citing *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1177 (11th Cir. 2020)).

---

[2] Under a tolling agreement, Plaintiff's claims were deemed filed on October 4, 2019.

I.  **Plaintiff's claims are time-barred.**

A.  **Plaintiff's claims are barred by Ohio's two-year product liability/personal injury statute of limitations.**

Under Ohio law, any action "based on a product liability claim ... shall be brought within two years after the cause of action accrues," and "a cause of action accrues under this division when the injury or loss to person or property occurs." Ohio Rev. Code § 2305.10(A). The two-year statute of limitations thus applies to each of Plaintiff's claims.

The two-year statute begins to run when a plaintiff "has constructive knowledge of the facts, rather than actual knowledge of their legal significance." *Baxley v. Harley-Davidson Motor Co., Inc.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007). A plaintiff is required to bring an action for personal injury within two years of either "the date on which the plaintiff is informed by competent medical authority that he has been injured, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured, whichever date occurs first." *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 732 (Ohio 1983).

Plaintiff knew of his alleged injuries by 2009 and sought treatment by 2010. Ex. 1, Ingles 2/28/22 Dep. 19:23-20:5, 102:23–103:9. However, he did not file suit until approximately nine years later. *See* ECF No. 4. Ohio's two-year statute of limitations bars all of Plaintiff's claims.

**B.      The Servicemembers Civil Relief Act ("SCRA"), fraudulent concealment, and equitable tolling do not save Plaintiff's claims.**

The SCRA excludes the period of a "servicemember's military service" from the computation of the statute of limitations. 50 U.S.C. § 3936(a). Plaintiff was discharged from the military in 2015 and knew of his alleged injuries at the time of discharge, but he did not file his complaint until 2019, four years later. The SCRA thus does not save Plaintiff's untimely claims.

Under Ohio law, fraudulent concealment "is only available 'in compelling cases which justify a departure from established procedure.'" *Perkins v. Falke & Dunphy, L.L.C.*, 2012 WL 6097104, at *3 (Ohio Ct. App. Dec. 7, 2012) (quoting *Frees v. ITT Tech. School*, 2010 WL 4323026, at *5 (Ohio Ct. App. Oct. 29, 2010)). Further, "fraudulent concealment requires some affirmative act by the defendant to prevent discovery of the cause of action." *Thornton v. State Farm Mut. Auto Ins. Co.*, 2006 WL 3359448, at *6 (N.D. Ohio Nov. 17, 2006). "'Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry.'" *Id.* (quoting *Browning v. Levy*, 283 F.3d 761, 770 (6th Cir. 2002)). Plaintiff has put forth no summary judgment evidence that Defendants affirmatively attempted to prevent him from discovering his alleged cause of action. Thus, fraudulent concealment does not toll Plaintiff's claims.

Nor can Plaintiff claim that equitable estoppel tolled the limitations period. Equitable estoppel is available only when a plaintiff establishes that a defendant concealed or misrepresented information that "was calculated to induce a plaintiff to forgo the right to sue." *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 511 (S.D. Ohio 2012). Allegations that a defendant failed to disclose information that its product was defective "describe a factual basis for certain claims for relief, but *not* a basis for applying" estoppel to the limitations period. *Id*. Plaintiff has no summary judgment evidence that Defendants made any misrepresentation to that induced him to forgo filing suit. Indeed, Plaintiff does not recall seeing an advertisement for the CAEv2 or receiving any written instructions about the CAEv2. Ex. 1, Ingles 2/28/22 Dep. 59:23–60:1, 63:15–23. Accordingly, Plaintiff's claims are untimely and should be dismissed under Ohio's two-year statute of limitations.

In the event the Court examines any of the claims on their merits, each should be dismissed under Ohio law for the additional reasons set forth below.

## II.    All of Plaintiff's claims are barred based on the necessary exclusion of Plaintiff's expert witness and lack of evidence of specific causation.

All of Plaintiff's claims require him to prove causation. Ohio Rev. Stat. Ann. § 2307.73(2). Specifically, Plaintiff must prove that an alleged defect in the CAEv2 "was the direct and proximate cause" of his injuries. *Parsley v. Hamilton Beach/Proctor Silex, Inc.*, 494 F. Supp. 2d 858, 862 (S.D. Ohio 2007). "Under

Ohio law, a plaintiff must present expert medical testimony to establish causation when she asserts a specific physical injury, the cause of which is not within common knowledge." *Botnick v. Zimmer, Inc.*, 484 F. Supp. 2d 715, 724 (N.D. Ohio 2007). Where a plaintiff has "no expert analysis or other evidence demonstrating that some aspect of the design" was defective and caused injury, the claims should be dismissed. *McGrath v. Gen. Motors Corp.*, 26 F. App'x 506, 511 (6th Cir. 2002).

The cause of Plaintiff's alleged hearing loss and tinnitus is a complex medical inquiry beyond the ken of the ordinary juror. Accordingly, competent expert testimony is required to establish a causal connection between Plaintiff's alleged injuries and the CAEv2. Plaintiff proffered one specific causation expert: Dr. Steven Levine, an otolaryngologist. For the reasons set forth in Defendants' Motion to Exclude Dr. Levine, Plaintiff has not proffered competent expert testimony that the CAEv2 caused Plaintiff's alleged hearing loss and tinnitus.

In addition, by his own admission, Dr. Levine *did not offer an opinion that the CAEv2 caused or contributed to Plaintiff's alleged injuries*. He opined only that "[n]oise exposure caused [Plaintiff's] hearing loss," and agreed that he is *not* offering an opinion that Plaintiff would not have hearing loss but for his use of the CAEv2. Ex. 2, Levine 5/31/22 Dep. 75:15–76:19.

Further, Dr. Levine testified that he would withdraw his causation opinions if Plaintiff first used the CAEv2 after his February 2007 audiogram, the first audiogram demonstrating Plaintiff's alleged hearing loss. *Id.* 112:14–113:14. Plaintiff repeatedly testified that he first received the CAEv2 during his training for Iraq in 2008 or 2009 and that he did not have or use the CAEv2 before then, including during a 2004 UN peacekeeping mission to Kosovo. Ex. 1, Ingles 2/28/22 Dep. 45:9–14, 51:2–10, 51:19–52:7, 54:24–55:10, 58:16–59:3, 67:23–68:3.

Accordingly, because Dr. Levine's opinions should be excluded on multiple grounds, Plaintiff lacks admissible expert testimony to establish specific causation and all of his claims should be dismissed.

### III. The Ohio Product Liability Act is the exclusive remedy for Plaintiff's injuries and preempts all of Plaintiff's common law claims.

The Ohio Product Liability Act ("OPLA") defines a product liability claim as one that "seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question." Ohio Rev. Code § 2307.71(A)(13). The OPLA governs claims arising from a product's alleged defective manufacture, defective design, inadequate warning, or failure to conform to a relevant representation or warranty. *Id.*

The statute "applies to [a]ny recovery of compensatory [or punitive] damages based on a product liability claim." *Mitchell v. Proctor & Gamble*, 2010 WL 728222, at *2 (S.D. Ohio Mar. 1, 2010). The OPLA was amended in 2005 to abolish "all common law product liability claims or causes of action." Ohio Rev. Code § 2307.71(B). The statute expressly eliminates "common law torts as an avenue for relief from injuries suffered from allegedly defective products." *Fulgenzi v. PLIVA*, 867 F. Supp. 2d 966, 972 (N.D. Ohio 2012), *rev'd on other grounds*, 711 F.3d 578 (6th Cir. 2013); *accord Meta v. Target Corp.*, 74 F. Supp. 3d 858, 861 (N.D. Ohio 2015); *Krumpelbeck v. Breg, Inc.*, 491 F. App'x 713, 721 (6th Cir. 2012); *Parker v. ACE Hardware Corp.*, 104 N.E.3d 298, 304 (Ohio Ct. App. 2018).

All of Plaintiff's claims based on alleged negligence (Counts I, III, XI, XII), breach of warranty (Counts V and VI), fraud and consumer fraud (Counts VII-X), and unjust enrichment (Count XV) are abrogated by the OPLA and should be dismissed. *See McManus v. Smith & Nephew, Inc.*, 2020 WL 127702, at *2-3 (S.D. Ohio Jan. 10, 2020); *Parker*, 104 N.E.3d at 305; *Jones v. Staübli Motor Sports Div. of Staübli Am. Corp.*, 897 F. Supp. 2d 599, 617-18 (S.D. Ohio 2012); *Tolliver v. Bristol-Myers Squibb Co.*, 2012 WL 3074538, at *2-3 (N.D. Ohio July 30, 2012); *Luthman v. Minster Supply Co.*, 2008 WL 169999, at *7 (Ohio Ct. App. 2008); *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 950 (6th

Cir. 2014) (Ohio law); *Johnson v. Eli Lilly & Co.*, 2015 WL 1120009, at *2 (S.D. Ohio 2015); *Mitchell,* 2010 WL 728222, at *4; *Leen v. Wright Med. Tech., Inc.*, 2015 WL 5545064, at *2 (S.D. Ohio 2015).[3]

## IV.   Plaintiff's design defect claim (Count II) fails for lack of causation.

Plaintiff's design defect claim should be dismissed because Plaintiff cannot prove that (a) the alleged defect caused his injury; and (b) a safer alternative design would have prevented his alleged injuries.

### A.   Plaintiff has no proof that the alleged defect caused his injury.

Plaintiff has not identified the product defect that he alleges caused his injury as required by Ohio Rev. Stat. Ann. § 2307.73(2), *Utz v. Howmedica Osteonics Corp.*, 2009 WL 5409046, at *10 (N.D. Ohio Mar. 31, 2009) (granting summary judgment to defendants where "Plaintiffs lack direct evidence that a defect in the design of the [spinal rod system] caused Utz's injury"). Plaintiff requires expert testimony to meet this standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 529 (6th Cir. 2012).

Plaintiff's expert Dr. Levine does not offer an opinion that the CAEv2 caused or contributed to Plaintiff's alleged injuries. *See supra* Section III. Plaintiff thus lacks necessary expert testimony and his claim fails under Ohio law.

---

[3] Plaintiff cannot avoid the exclusivity of the OPLA under the economic loss carveout, which applies only where the alleged damage is to the product itself. *See Meta*, 74 F. Supp. 3d at 863–65.

**B.      Plaintiff has no proof that a safer alternative design would have prevented his injuries.**

Plaintiff must prove that the alleged risks of the CAEv2 exceeded its benefits *and* that a feasible alternative design would have prevented his alleged injury without reducing the product's usefulness or purpose. Ohio Rev. Code § 2307.75(F), *McGrath*, 26 F. App'x at 510. In addition, Plaintiff must proffer admissible *expert* testimony that the proposed alternative feasible design "would have prevented the harm for which the plaintiff seeks to recover." *Zang v. Cones*, 534 N.E.3d 955, 961 (Ohio Ct. App. 2015). Failure to do so is fatal to the claim. *Yanovich v. Sulzer Orthopedics, Inc.*, 2006 WL 3716812, at *13 (N.D. Ohio Dec. 14, 2006), *aff'd*, 255 F. App'x 957 (6th Cir. 2007) (granting summary judgment because plaintiff's expert did not present any evidence of a design available on the marketplace at the time of the surgery that would have prevented his alleged injury).

Plaintiff's expert does not meet this burden. In addition to failing to opine that the CAEv2 caused Plaintiff's alleged injuries, Dr. Levine did not present any evidence of an alternative design that would have prevented the alleged injuries.

**V.      Plaintiff's failure-to-warn claim (Count IV) fails due to lack of causation.**

Plaintiff's failure-to-warn claim should also be dismissed because he cannot establish proximate cause. To prevail on a failure-to-warn claim under Ohio law, a

11

plaintiff must establish: "(1) a duty to warn against reasonably foreseeable risks; (2) breach of this duty; and (3) an injury that is proximately caused by the breach." *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 514 (6th Cir. 2003); Ohio Rev. Code § 2307.76(A)(1). To establish proximate cause for this claim, there are two separate issues: (1) whether lack of adequate warnings contributed to the plaintiff's use of the product, and (2) whether use of the product constitutes a proximate cause of the plaintiff's injury. *Seley v. G.D. Searle & Co.*, 423 N.E.2d 831, 838 (Ohio 1981).

Where the evidence demonstrates that a different "warning would have made no difference," then "the required element of proximate causation . . . is lacking." *Seley*, 423 N.E.2d at 838–39. That is exactly the fact pattern here. There is no evidence that a different warning to the U.S. government would have prevented Plaintiff's injury by causing the government not to purchase the CAEv2. Nor can Plaintiff establish that an additional warning would have altered the outcome in his particular case.

Plaintiff testified that he was issued the CAEv2 from a bulk shipment delivered to the Army while he was preparing to deploy to Iraq. Ex. 1, Ingles 2/28/22 Dep. 51:19–52:7, 54:24–55:10. The Court has ruled that, consistent with the military's instructions not to provide instructions *inside* the bulk shipments of CAEv2, Defendants could have provided warnings to servicemembers by "affixing

warnings to the outside of the [bulk shipment] boxes."[4] However, Plaintiff has no evidence that he actually saw any warning affixed to any bulk shipment box or any other packaging or advertisement. Rather, Plaintiff testified that he does not recall seeing an advertisement for the CAEv2 before or during his use of the product, nor does he recall receiving any written instructions. Ex. 1, Ingles 2/28/22 Dep. 59:23–60:1, 63:15–23. Because he did not see the warnings, he could not have read and relied on them, and he cannot sustain his failure-to-warn claim.[5]

## VI. Plaintiff's punitive damages claim (Count XVI) should be dismissed.

Ohio law does not recognize a separate "claim" for punitive damages. *Beair v. Ohio Dept. of Rehab.*, 156 F. Supp. 3d 898, 907 (N.D. Ohio 2016) (dismissing cause of action for punitive damages "because there is no such freestanding cause of action under Ohio or federal law"). Punitive damages "are only determined if

---

[4] Case No. 3:19-md-02885, Dkt. 1280 at 54.

[5] To the extent Plaintiff purports to allege product non-conformance, the claim would fail for the same reason. A claim for non-conformance requires proof of "an express representation of a material fact concerning the character, quality, or safety of a product." Ohio Rev. Code § 2307.71(A)(14) (emphasis added). "To succeed on such a claim, a plaintiff must show that (1) the manufacturer made a representation as to a material fact relating to the character or quality of the product; (2) the product did not conform to that representation; (3) the plaintiffs justifiably relied on that representation; and (4) the plaintiffs' reliance on the representation was the direct and proximate cause of the plaintiffs' injuries." *Tolliver*, 2012 WL 3074538, at *5. Plaintiff did not see or rely on any representation and thus cannot maintain a claim for non-conformance.

and after a plaintiff has proven liability." *Hertzfeld v. Hayward Pool Prods., Inc.*, 2007 WL 4563446, at \*10 (Ohio Ct. App. Dec. 31, 2007).

Plaintiff's separate punitive damages "claim" (Count XVI) should therefore be dismissed.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court enter summary judgment in their favor on all Plaintiff's claims.

Respectfully submitted,

Dated: July 21, 2022

*/s/ Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 3005 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated: July 21, 2022                 *<u>/s/ Kimberly Branscome</u>*
                                     Kimberly Branscome

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Florida using the electronic case filing system of the Court, which will send electronic service to all registered counsel of record.

Dated: July 21, 2022                  */s/ Kimberly Branscome*
                                                       Kimberly Branscome